**United States District Court**
For the Northern District of California

1

2

3           UNITED STATES DISTRICT COURT

4           NORTHERN DISTRICT OF CALIFORNIA

5                 EUREKA DIVISION

6

7   LAMONT LOMACK,
                                              No. C 15-1226 NJV (PR)
8                 Plaintiff,
                                              **ORDER OF DISMISSAL WITH**
9         v.                                  **LEAVE TO AMEND**

10  CDCR OFFICIAL CAPACITY,

11                Defendant.
    _____/
12

13        Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

14  1983.  He has been granted leave to proceed in forma pauperis. (Doc. 7.)

15                            **DISCUSSION**

16  **A.    Standard of Review**

17        Federal courts must engage in a preliminary screening of cases in which prisoners

18  seek redress from a governmental entity or officer or employee of a governmental entity.

19  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28  omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court

For the Northern District of California

1   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2   requires more than labels and conclusions, and a formulaic recitation of the elements of a

3   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8   framework of a complaint, they must be supported by factual allegations.  When there are

9   well-pleaded factual allegations, a court should assume their veracity and then determine

10   whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11   679 (2009).

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13   elements:  (1) that a right secured by the Constitution or laws of the United States was

14   violated, and (2) that the alleged deprivation was committed by a person acting under the

15   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    Legal Claims**

17        Plaintiff alleges that he was denied proper medical care for his injured hand.

18        Deliberate indifference to serious medical needs violates the Eighth Amendment's

19   proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104

20   (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

21   *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

22   A determination of "deliberate indifference" involves an examination of two elements: the

23   seriousness of the prisoner's medical need and the nature of the defendant's response to

24   that need. *Id.* at 1059.

25        A "serious" medical need exists if the failure to treat a prisoner's condition could

26   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The

27   existence of an injury that a reasonable doctor or patient would find important and worthy of

28

2

United States District Court

For the Northern District of California

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff states that he injured his hand while engaged in a physical confrontation with another inmate.  He went to medical and was told everything was normal, but his hand swelled up later that day.  He sought further medical attention and two days later an X-ray was taken of his hand and he was told the results were negative.  He was given a second X-ray later when the swelling lessened, but he was told that the results were again negative.  He was later taken to an outside hospital where he was told he had a small fracture and tear.  He seeks monetary damages.  However, plaintiff has failed to identify any specific defendants.  The complaint will be dismissed with leave to amend to identify the individual defendants and describe their actions and how they were deliberately indifferent to his serious medical needs.

### CONCLUSION

1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used

3

**United States District Court**
For the Northern District of California

1   in this order and the words AMENDED COMPLAINT on the first page.  Because an

2   amended complaint completely replaces the original complaint, plaintiff must include in it all

3   the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

4   1992).  He may not incorporate material from the original complaint by reference.  Failure to

5   amend within the designated time will result in the dismissal of this action.

6          2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

7   court informed of any change of address by filing a separate paper with the clerk headed

8   "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

9   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

10  Federal Rule of Civil Procedure 41(b).

11         **IT IS SO ORDERED.**

12  Dated: April 2, 2015.

13  NANDOR J. VADAS
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4